**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**LAWRENCE OMOTAYO ADARALEGBE,**

**Petitioner,**

**v.** **Case No. 2:26cv721**

**ROBERT GUADIAN, *et al.*,**

**Respondents.**

# REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Lawrence Omotayo Adaralegbe's Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241. ECF No. 1. Therein, he challenges his ongoing civil detention pending the outcome of his removal proceedings. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons explained below, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Nigeria. ECF No. 7, attach. 1 at 2. He entered the United States on November 7, 2024, on a temporary visitor visa. *Id.* This visa authorized Petitioner to remain in the United States through May 6, 2025. *Id.* In early January 2026, Immigration officials detained Petitioner during a law enforcement operation. ECF No. 1 at 5. Because Petitioner entered the United States through a temporary visa, his detention was indisputably governed by 8 U.S.C. § 1226(a), which entitled him to a custody redetermination hearing (i.e., a bond hearing) before an Immigration Judge ("IJ"). ECF No. 7 at 2.

Through counsel, Petitioner filed a motion for custody redetermination, and on February 3, 2026, he appeared before an IJ for his bond hearing.[1] ECF No. 7, attach. 1 at 17–18. After hearing argument from the Government and Petitioner's counsel, the IJ concluded that Petitioner was a flight risk and ordered Petitioner detained pending removal proceedings. *See id.* at 7. Petitioner did not appeal the IJ's bond determination. On May 1, 2026, an IJ ordered Petitioner removed to Nigeria, and Petitioner timely filed an appeal of the removal order to the Board of Immigration Appeals ("BIA"). *Id.* at 10–16. That appeal is still pending before the BIA.

Petitioner filed the instant Petition on July 13, 2026. ECF No. 1. Respondents filed a response to the Petition on July 27, 2026. ECF No. 7. Petitioner filed a reply on August 7, 2026. ECF No. 9. Accordingly, the Petition is ripe for disposition.

## II. ANALYSIS

Petitioner alleges that his prolonged detention while his appeal is pending before the BIA violates his due process rights because his detention has become unreasonably prolonged and no longer serves a legitimate government purpose. ECF No. 1 at 7–9. As part of this argument, Petitioner appears to challenge the constitutional adequacy of the bond hearing held before the IJ. *Id.*; ECF No. 9 at 3. Respondents argue that Petitioner has already received all the process he is due because he received a bond hearing before an IJ who determined he was a flight risk and denied Petitioner's bond request. ECF No. 7 at 4–7. Accordingly, Respondents maintain that Petitioner is not entitled to another bond hearing or any additional habeas relief. *Id.*

Pursuant to 28 U.S.C. § 2241, federal courts are authorized to issue a writ of habeas corpus to one who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The writ of habeas corpus has traditionally 'served as a means of

---

[1] Respondents provided an audio recording of Petitioner's bond hearing as Exhibit E to their response to the Petition. ECF No. 7, attach. 1 at 17–18.

reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" *Luna Sanchez v. Bondi*, No. 1:25-cv-018888, 2025 WL 3191922, at *2 (E.D. Va. Nov. 14, 2025) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Habeas is "regularly invoked on behalf of noncitizens." *Id.* (quoting *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025)) (additional citations omitted). After considering the response to a habeas petition, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

*1. Petitioner Received a Constitutionally Adequate Bond Hearing.*

The INA establishes the statutory framework that governs aliens who are detained upon arrival into the United States and those already present in the country.[2] *Abreu v. Crawford*, No. 1:24-cv-01782, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025), *appeal dismissed*, No. 25-6174, 2025 WL 2604455 (4th Cir. Apr. 22, 2025). Because Petitioner is detained pursuant to 8 U.S.C. § 1226(a), he is entitled to the procedural protections afforded by that statute. Aliens detained under § 1226(a) "are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 652 (E.D. Va. 2025) (quoting *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025)).[3] "[T]he procedures used by federal immigration officials to deny a noncitizen's request for release on bond must always comply with fundamental principles of due process." *Lucas Juarez v. Perry*, 2026 WL 1419122, at *2 (E.D. Va. May 20, 2026) (citing *Miranda v. Garland*, 34 F.4th 338, 359 (4th Cir. 2022)). Courts have found due process violations where the IJ's determination rested on generalized findings

[2] Consistent with the INA's text, the Court uses the term "alien" here. *See* § 1101(a)(3) (defining an "alien" as "any person not a citizen or national of the United States").

[3] The Court does not have jurisdiction to review the correctness of the IJ's decision, but it does have jurisdiction to consider whether the bond hearing comports with due process. *See Segura v. Bondi*, No. 1:26-CV-304, 2026 WL 688862, at *4–5 (E.D. Va. Mar. 11, 2026).

untethered to the individual noncitizen's circumstances, or on speculation rather than evidence in the record. *See Segura*, 2026 WL 688862, at *6 (finding that considerations that would result in "de facto mandatory detention" violate due process); *Rosales v. Simon*, No. 1:26-cv-86, 2026 WL 688858, at *5 (E.D. Va. Mar. 11, 2026) (same).

Here, Petitioner received a bond hearing on February 3, 2026. At that bond hearing, an IJ considered the evidence presented by both parties, and after finding that Petitioner posed a risk of flight, the IJ denied Petitioner's request for release. Petitioner makes general arguments that his bond hearing was not constitutionally adequate and alleges that the IJ denied him bond on unconstitutional grounds, including because he lacked a financial sponsor, lacked sufficient family ties within the US, and did not possess employment authorization. ECF No. 9 at 5–6. But upon the review of the audio recording of the bond hearing, the IJ's rationale was more fulsome and comported with due process. The IJ did not rely on the fact that Petitioner did not possess employment authorization—rather, the IJ cited to the lack of evidence about Petitioner's employment or income since his arrival to the United States. That fact—coupled with the lack of evidence regarding a source of income for Petitioner or a financial sponsor and the fact that Petitioner's family are all in removal proceedings—persuaded the IJ that Petitioner was a risk of flight. Those considerations are not the type of generalized findings or speculation that would violate Petitioner's due process rights.

Petitioner's arguments generally challenge the correctness of the IJ's decision—not the adequacy of the procedures that were used to reach it. However, this Court is barred from reviewing the correctness of the IJ's decision by § 1226(e). *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). To the extent Petitioner

believed the IJ erroneously denied bond, his remedy was to appeal the IJ's decision to the BIA, and Petitioner did not do so. *See Chavez de Vasquez v. Baker*, No. CV 25-03657, 2025 WL 3713773, at *1 (D. Md. Dec. 23, 2025) ("Petitioner's claim, then, effectively challenges the quantum and nature of evidence placed before the IJ during her bond hearing, not the constitutionality of immigration court procedures. This Court agrees with Respondents that the review Petitioner seeks is particular to the decision in her case and is thus barred by 8 U.S.C. § 1226(e). Petitioner's recourse for what she believes to be an improper assessment of the merits of her entitlement to bond lies in her already pending appeal of the IJ's decision before the Board of Immigration Appeals."). Accordingly, Petitioner has already received the process to which he is entitled under § 1226(a), and his bond hearing was constitutionally adequate.

*2. Petitioner's Continued Detention is Not Constitutionally Unreasonable.*

There is no substantial authority for Petitioner's argument that his prolonged detention pending the completion of removal proceedings violates his due process rights. In support of his argument, Petitioner cites *Zadvydas v. Davis* for the proposition that his continued civil detention violates his due process rights. In *Zadvydas*, the Supreme Court determined that the detention of noncitizens who are subject to a final removal order pursuant to 8 U.S.C. § 1231 is presumptively reasonable for only a six-month period. 533 U.S. 678, 701. After that, the noncitizen may provide evidence to show their removal is not reasonably foreseeable, and the government may respond with evidence to rebut that showing. *Id.* At the heart of *Zadvydas* was a concern that noncitizens subject to a final removal order could be indefinitely detained if the government was unable to execute the final removal order. *See Castaneda v. Perry*, 95 F.4th 750, 757 (4th Cir. 2024) (recognizing certain petitioners could be subject to a "removable-but-unremovable limbo") (citation omitted).

But in *Miranda v. Garland*, the Fourth Circuit specifically rejected the argument that the *Zadvydas* framework applies to noncitizens who are awaiting the outcome of removal proceedings. 34 F.4th at 360–61. This is because detention is set for a specified period—namely, the time it takes to conduct removal proceedings. *Id.* That specified period alleviates the concern of endless or indefinite civil detention that may be present for noncitizens detained pursuant to § 1231. *Id.* Accordingly, nothing in the text of § 1226(a) suggests Petitioner is entitled to any additional due process beyond the bond hearing he already received.

Although detention during removal proceedings is permissible, "the government's ability to detain noncitizens is not limitless." *Lopez Garcia v. Guadian*, Nos. 25-7044, 25-7050, __ F.4th__, 2026 WL 2661092, at *20 (4th Cir. Sept. 10, 2026) (internal quotations omitted) (quoting *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026)). Some courts in the Eastern District of Virginia have entertained an as-applied due process challenge to unreasonably prolonged civil immigration detention. *See Khan v. Byers*, 568 F. Supp. 3d 607, 612 (E.D. Va. 2021) ("Mr. Khan has been detained since October 23, 2018, . . . *more than three years.* This is a period six times longer than the presumptively reasonable six-month detention period set forth in Zadvydas. . . . Therefore, Mr. Khan is entitled to another bond hearing at which time the Immigration Judge may reevaluate whether Mr. Khan's continued detention is appropriate in light of his prolonged detention and his strong interest in bodily liberty." (citations omitted)); *cf. Fonseca v. Perry*, No. 2:26cv395, 2026 WL 1602917, at *3 n.5 (E.D. Va. June 4, 2026) (acknowledging that "in some circumstances, a petitioner can succeed on an as-applied challenge to the constitutionality of an *overly protracted* § 1225(b)(1) detention period"). However, the remedy for the prolonged detention period is an additional bond hearing to satisfy the petitioner's due process rights—not release from custody. *See Khan*, 568 F. Supp. 3d at 612. Without more specific, controlling

guidance, the Court cannot establish a bright line for when detention after an initial bond hearing and prior to the issuance of a final order of removal becomes unconstitutional as applied.

Here, Petitioner has been detained for almost nine months.[4] While that period is not insignificant, the Court cannot say that Petitioner's continued detention since January of 2026 is constitutionally unreasonable for a noncitizen who received a bond hearing shortly after he was detained, and whose removal proceedings remain pending. *Cf. Edwards v. Perry*, No. 3:26cv226, 2026 WL 1215367, at *5 n.7 (E.D. Va. May 4, 2026) (citing cases for the proposition that courts in the Eastern District of Virginia have found periods of detention exceeding one year for noncitizens detained pursuant to § 1226(c) are too prolonged without a bond hearing, and concluding that although the petitioner's nine-month detention was lengthy, it had not approached the threshold to constitute a substantial burden on his liberty interest). Accordingly, at this time, Petitioner's continued detention is not constitutionally unreasonable in violation of his due process rights.

## III. RECOMMENDATION

In sum, because Petitioner is subject to detention under § 1226(a) and has already received the bond hearing due to him under that statutory framework, Petitioner has failed to establish that he is entitled to any further habeas relief. Thus, the Court **RECOMMENDS** that the Petition, ECF No. 1, be **DENIED**. Additionally, Petitioner filed an Emergency Motion for a Temporary Restraining Order, ECF No. 3. Because the Court recommends dismissal of the Petition, the Court also **RECOMMENDS** that Petitioner's Emergency Motion for a Temporary Restraining Order, ECF No. 3, be **DENIED**.

---

[4] Although neither Petitioner nor Respondents indicated the date Petitioner was taken into custody, at Petitioner's bond hearing, counsel for the Government represented that Petitioner was taken into custody on January 10, 2026. *See* ECF No. 7, attach. 1 at 17–18.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen (14) days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Order to Petitioner and counsel of record for Respondents.

It is so **ORDERED**.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
October 2, 2026